IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FERDELL F. HARVEY, | § | |
| | § | |
| Plaintiff Below, | § | No. 196, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| TYRONE GARRETT, Director of | § | C.A. No.  N24M-03-028 |
| Wilmington Housing Authority, | § | |
| SANDI ROSMINI, YVETTE | § | |
| LOGAN, BETTY B. PINKETT, and | § | |
| RAVEN Y. EDWARDS, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted:  May 29, 2024
Decided:     June 21, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)    The appellant, Ferdell F. Harvey, filed this appeal from a Superior Court Commissioner's bench ruling that (i) passed on Harvey's petition for an order requiring the Wilmington Housing Authority to comply with the Delaware Freedom of Information Act, and (ii) advised Harvey to review 29 *Del. C.* § 10005 and go to the Attorney General's Office.  Section 10005(b) provides that "a person denied access to public records by an administrative office or officer, a department head,

commission, or instrumentality of state government which the Attorney General is obliged to represent pursuant to § 2504 of this title must within 60 days of denial, present a petition and all supporting documentation to the Chief Deputy as described in subsection (e) of this section" and "[t]hereafter, the petitioner or public body the Attorney General is otherwise obligated to represent may appeal an adverse decision on the record to the Superior Court within 60 days of the Attorney General's decision." Section 1005(e) describes how the Attorney General handles a petition for determination of whether there has been a violation of the Delaware Freedom of Information Act.

(2) The Senior Court Clerk issued a notice directing Harvey to show cause why this appeal should not be dismissed for this Court's lack of jurisdiction to consider an appeal taken directly from a Superior Court Commissioner's ruling. In his response to the notice to show cause, Harvey states that he is moving forward under Superior Court Civil Rule 132. This rule describes the powers of Superior Court Commissioners and the procedures for seeking review of Commissioners' rulings in the Superior Court. According to the Superior Court docket, a hearing is scheduled for July 26, 2024.

(3) The right to review of a Superior Court Commissioner's ruling is to a judge of the Superior Court.[1] "In the absence of intermediate review by a Superior

---

[1] Super. Ct. Civ. R. 132(a)(3), (4); Superior Court Administrative Directive 2007-5.

Court judge, this Court is without jurisdiction to hear an appeal from any action taken by a Commissioner."[2]  Accordingly, this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[2] *Jagger v. State*, 2019 WL 7369200, at *1 (Del. Dec. 30, 2019).